# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

OSCAR K.,

Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant.

Case No.: 3:20-cv-00673-LAB-RBM

**REPORT AND RECOMMENDATION:**

**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND**

**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

**[Doc. 2]**

## I.    INTRODUCTION

On April 7, 2020, Plaintiff ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of social security disability and supplemental security income insurance benefits under Title II of the Social Security Act ("the Act"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed *in forma pauperis* ("IFP Motion"). (Doc. 2.)

On April 8, 2020, Chief Judge Larry Alan Burns issued an order staying civil cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the ongoing COVID-19 public health emergency. *See* Or. of Chief Judge No. 21, sec. 6 (stating in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner . . . are hereby stayed, unless otherwise ordered by the [Court]."). Initially, the undersigned held its ruling on the IFP Motion in abeyance pursuant to the Chief Judge Order. But, the COVID-19 pandemic has been ongoing for months and will continue for the foreseeable future. At this time, the undersigned lifts the stay of this case for the limited of purpose of conducting a sua sponte screening of the complaint, issuing a Report and Recommendation on the Complaint and IFP Motion, and allowing Plaintiff to file an amended complaint and renewed IFP motion.

Having reviewed the instant complaint and IFP Motion, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED WITH LEAVE TO AMEND**, as it does not sufficiently state a claim for relief. The undersigned further **RECOMMENDS** Plaintiff's IFP Motion be **DENIED WITHOUT PREJUDICE**.

## II.      DISCUSSION

### A.      Sua Sponte Screening

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person seeking to proceed IFP is subject to a mandatory sua sponte screening. The Court must review and dismiss any complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019 WL 1258846, at *3 (S.D. Cal. Mar. 19, 2019).

To survive, complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

2

(2007)).  And "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice."  *Id.*  Instead, plaintiff must state a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

Social security appeals are not exempt from the general screening requirements for IFP cases.  *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)).

In social security appeals, courts within the Ninth Circuit have established four basic requirements for a complaint to survive a sua sponte screening:

> First, the plaintiff must establish that she had exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019) (quoting *Montoya*, 2016 WL 890922 at *2).  As to the fourth requirement, a complaint is insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits. *See Skylar*, 2019 WL 4039650 at *1; *see also Hoagland*, 2012 WL 2521753 at *3; *Harris v. Colvin*, 14-cv-383-GW-RNB, 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint that failed to specify plaintiff's contentions as to how the ALJ erred); *Gutierrez v. Astrue*, No. 11-cv-454-GSA, 2011 WL 1087261, at *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision").  Instead,

3

a complaint "must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Skylar*, 2019 WL 4039650 at \*2.

Here, Plaintiff's complaint contains several conclusory statements that fail to meet either Rule 8's pleading standard or the Ninth Circuit's basic pleading requirements for social security appeals. (Doc. 1.)  For instance, the complaint merely alleges "Plaintiff is disabled" which fails to state the nature of Plaintiff's disability and when Plaintiff claims he became disabled. (Doc. 1 at 2, ¶ 6); *see Skylar*, 2019 WL 4039650 at \*1. Next, Plaintiff generally alleges, "[t]he conclusions and findings of fact of . . . [D]efendant are not supported by substantial evidence and are contrary to law and regulation." (Doc. 1 at 2, ¶ 7.)  Without further details, the undersigned is unable to identify the nature of Plaintiff's disagreement with the ALJ's decision or any alleged error by the ALJ. *Skylar*, 2019 WL 4039650 at \*1.  Accordingly, the undersigned finds that Plaintiff's complaint fails to state a claim for relief.  Thus, the undersigned **RECOMMENDS** the complaint be **DISMISSED WITH LEAVE TO AMEND**.

**B.**     **Application to Proceed IFP**

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).  But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1).  The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *Rowland v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1235.  To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of

his poverty pay or give security for costs . . . and still be able to provide[ ] himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860, at **2-3 (N.D. Cal. June 29, 1995) (Plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff has failed to sufficiently demonstrate he is entitled to IFP status. Plaintiff's affidavit is largely incomplete. (*See generally* Doc. 2.) According to the affidavit, Plaintiff's average monthly income during the past twelve months was $0 and he had $0 in monthly expenses. (*Id.* at 1-2, 4-5.) At the time Plaintiff submitted the IFP Motion, he expected $190 in public-assistance income for the upcoming month. (*Id.* at 2.) Although Plaintiff represents that he had no monthly income or expenses the last twelve months, most of the affidavit is incomplete. (*See id.* at 1-5.) Seven of the twelve sections were left blank: sections 2, 3, 4, 5, 6, 7, and 11. (*Id.* at 2-3, 5.) This is despite the application's instructions stating, "[d]o not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*Id.* at 1.)

Based on the foregoing, the undersigned finds Plaintiff has not established he is unable to pay the $400 filing fee with any degree of particularity, definiteness, and certainty. Accordingly, the undersigned **RECOMMENDS** Plaintiff's IFP Motion be **DENIED WITHOUT PREJUDICE**.

### III.   CONCLUSION

For the reasons given, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED WITH LEAVE TO AMEND** for failure to state a claim for relief. The

undersigned further **RECOMMENDS** Plaintiff's IFP Motion be **DENIED WITHOUT PREJUDICE**.

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  Any party may file written objections with the Court and serve a copy on all parties on or before **September 28, 2020**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before **October 14, 2020**.  The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  September 11, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

6